E-FILED
Wednesday, 22 June, 2005  02:19:49 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CRIMINAL NO. 02-30003 |
| ) | |
| PAUL HOLZER, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' POSITION REGARDING DEFENDANT'S SENTENCING**

The United States of America by Jan Paul Miller, United States Attorney for the Central District of Illinois, and Gregory M. Gilmore, Assistant United States Attorney, respectfully submit this motion regarding defendant's sentencing, and in support thereof state:

1. The United States does not object to the PSR, and does not intend to call any witnesses at the defendant's sentencing hearing on June 27.

2. In *United States v. Booker*, 125 S.Ct. 738 (2005), the Supreme Court found that the United States Sentencing Guidelines ("USSG") are advisory. Pursuant to 18 U.S.C. §3553(a), the Court should consider, among other things: the nature of the crime and the defendant's history; the need to promote respect for the law and deter others; to protect the public from the defendant; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been convicted of similar crimes.

3. The advisory USSG range is 210 to 262 months, based upon the defendant's

offense conduct and his criminal history. The defendant's sentencing exposure is 120 months in prison–the statutory maximum for violating 18 U.S.C. §922(g)(1) (felon in possession of a firearm). Utilizing the USSG as a guide, and considering the dictates of §3553(a), a sentence of anything less than 120 months in prison in this case would be inadequate.

    4. A brief review of the defendant's offense conduct and history establish that a sentence of 120 months is clearly warranted.

    A. Offense Conduct

On March 1, 2000, the defendant and an associate broke into the home of Paul and Roma Larson in Springfield. While the Larsons and their children slept, the defendant stole their TV, stereo, VCR, and the family van parked on the street in front of the home (the defendant found the van keys inside the home). (PSR ¶¶4,8) The defendant parked the van near his residence at 313 East Scarritt, Springfield. Early the following morning, the defendant and a different associate (a 16 year-old male, the defendant was one month shy of his 21st birthday at the time) traveled in the Larson van to Quincy. (PSR ¶¶8-9) The defendant told his associate that he had lived in Quincy previously and knew of a home where the pair could steal firearms. (PSR ¶9) The defendant stated that he had been in the home before and knew the family that lived in the home, and had handled the firearms before. (PSR ¶9) After arriving in Quincy, the defendant and his associate waited outside the home until an individual left the house. (PSR ¶9) The defendant, carrying his loaded .25 caliber semi-automatic handgun, and his associate, entered the Quincy home and stole 10 firearms. (PSR ¶¶9-

10) The two then drove back to Springfield toward the defendant's residence on East Scarritt. (PSR ¶11) Springfield Police noted the stolen Larson van and began to follow the van. (PSR ¶11) The defendant and his associate ditched the van about a block from the defendant's residence and escaped the police. (PSR ¶11) The van was returned to the Larsons, but within a week the defendant, who had retained the van's keys, stole the van again. (PSR ¶39) The defendant was arrested in the Larson van on April 5, 2000. (PSR ¶39)

In short, the defendant's offense conduct in burglarizing a house to steal 10 firearms, while carrying a loaded semi-automatic handgun, and recruiting a 16 year old assistant, stands in stark contrast to most defendants convicted of possessing a firearm following a felony conviction. In order to have the means to travel to Quincy and commit the burglary and obtain the firearms, the defendant burglarized yet another (occupied) house in Springfield. The defendant's conduct merits a high prison sentence.

B. Criminal/Other History

At the time the defendant broke into the Larson home and stole their van and broke into the Quincy home and stole firearms, the defendant was on Federal Supervised Release. (PSR ¶33) In fact, the defendant had just been released from Federal prison on September 17, 1999, for a conviction of Bank Larceny wherein the defendant, on July 20, 1998, entered the First Bankers Trust Company in Quincy and stole $6,000 from the bank. (PSR ¶33)

On April 29, 1996, the defendant attacked his mother. (PSR ¶31) The defendant

3

was charged with using force to place his finger in his mother's anus and vagina, and by striking his mother in the face and on her body. (PSR ¶31) The defendant later pled guilty to a charge of aggravated battery. (PSR ¶31)

In 1995, the defendant struck a school teacher in the face with his fist and was charged with a juvenile petition of aggravated battery. (PSR ¶30) The defendant later admitted the petition. (PSR ¶30)

The defendant has a long history of drug and alcohol abuse. (PSR ¶54) In addition to abusing alcohol, the defendant has abused: marijuana, cocaine, crack cocaine, methamphetamine, hash, opium, and LSD. (PSR ¶¶53-66) The defendant has a history of being affiliated with the Simon City Royals street gang and having white supremacist beliefs. (PSR ¶48)

The defendant has been diagnosed as a paranoid schizophrenia with an anti-social personality disorder, and in fact, the defendant's trial was delayed nearly two years while he received mental health treatment at a Bureau of Prison's facility. (PSR ¶¶1,2,53)

The defendant's history paints a very bleak outlook for the future—the likelihood of recidivism in this case is extremely high.

    Respectfully submitted,

    JAN PAUL MILLER
    UNITED STATES ATTORNEY

    s/ Gregory M. Gilmore
    Gregory M. Gilmore, Reg. No. 06217499
    U.S. Attorney's Office
    318 South 6th Street
    Springfield, IL   62701
    Telephone: 217/492-4450
    greg.gilmore@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on June 22, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      James Elmore
Attorney at Law
808 S. 2nd Street
Springfield, IL 62704-2602

      Laura Hanner
U.S. Probation Officer
108 Federal Building
Springfield, IL   62701

      s/ Gregory M. Gilmore