UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-30003 |
| | ) | |
| PAUL HOLZER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

RICHARD MILLS, U.S. District Judge:

This case comes before the Court following the Seventh Circuit Court of Appeals' remand for resentencing.

## FACTS

Following Defendant Paul Holzer's felon in possession of a firearm conviction, 18 U.S.C. § 922(g)(1), the United States Probation Office drafted a Presentence Investigation Report ("PSR"). The PSR concluded that Holzer had a base offense level of 20 and a criminal history of category V. It also added the following sentencing enhancements: 3 points under United States Sentencing Guideline § 2K2.1(b)(1)(C) because the offense involved between 8 and 24 firearms; 2 points under

1

U.S.S.G. § 2K2.1(b)(4) because the offense involved stolen firearms; 4 points under U.S.S.G. § 2K2.1(b)(5) because the Defendant used a handgun to commit a felony; 2 points under U.S.S.G. § 3B1.1(C) because the Defendant was a leader of the criminal activity; 2 points under U.S.S.G. § 3B.1(4) because the Defendant employed a minor to commit the offense. Holzer objected to all of these enhancements on the basis of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), arguing that no enhancement could be used to increase a sentence unless its factual basis was proven to a jury beyond a reasonable doubt.

On August 3, 2004, the Court held a sentencing hearing. The Court agreed with Holzer's interpretation of Blakely. Because no jury decided that a factual basis existed for any enhancement, the Court ruled in Holzer's favor. Thus, the Court imposed a 70 month prison term. Due to the uncertainty of Blakely's application, the Court also imposed an alternate sentence of 10 years in prison—the statutory maximum allowed under 18 U.S.C. § 922(g)(1).

The Government appealed. Subsequently, United States v. Booker, --- U.S. ---125 S.Ct. 738, 160 L.Ed.2d 621 (2005), determined that the

2

United States Sentencing Guidelines were advisory. Relying on Booker, the Seventh Circuit vacated Holzer's sentence and remanded for resentencing. At the resentencing hearing, the Government and Holzer's counsel both requested a 120 month prison term.

## ANALYSIS

The Court must now impose a sentence consistent with Booker. To this end, the Court considers Holzer's offense, the sentencing guidelines, and the factors set forth in 18 U.S.C. § 3553(a).[1]

The Court finds that enhancements contained in the PSR are supported by an adequate and uncontested factual basis. Moreover, trial testimony corroborated the PSR's conclusions. Thus, the Court denies Holzer's objections to ¶¶ 17, 20, 22, 23, 36, and 37 of the PSR. The Court finds that Holzer's total adjusted offense level is 33. His 11 criminal history points make him a category V offender. This results in a

---

[1] These statutory concerns include the following: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed–(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent guidelines policy statement; (6)the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

sentencing range of 210-262 months. That range is, of course, advisory pursuant to Booker. See United States v. Paladino, 401 F.3d 471, 484 (7th Cir.2005) (noting that Booker made the United States Sentencing Guidelines advisory).

Although Holzer's sentencing range is 210-262 months, the statutory maximum penalty that can be imposed for a § 922(g) violation is 120 months in prison. After weighing all the relevant factors, the Court finds that 120 months in prison, 3 years supervised release, and a $100.00 special assessment is an appropriate sentence. This sentence reflects the seriousness of Holzer's firearm offense, the heinousness of his related conduct, the danger he poses to the public, and the need to deter him from future criminal activity.

Ergo, the Court sentences Defendant Paul Holzer to 120 months in prison, 3 years supervised release, and a $100.00 special assessment. This case is CLOSED.

IT IS SO ORDERED.

ENTER: July 6, 2005

FOR THE COURT:

s/ Richard Mills
United States District Judge

4